All rise. United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Please be seated. Our first case for argument today is 20-2342, D.B.N. Holding v. ITC. Ms. Steitham, please proceed. Good morning, your honors. May it please the court. The question at hand is whether it is an abuse of discretion to find that the final invalidation of the 380 patent is not a change condition that warrants any adjustment at all to the determination of an appropriate penalty for violation of a consent order premised solely on a finding of patent infringement. Despite a unanimous body of precedent concluding that an invalidity finding is a change condition for purposes of Rule 210.76, in this case, the International Trade Commission, an agency charged with the protection and policing of intellectual property rights, has said it is not, and that the penalty originally calculated on the basis of presuming that the 380 patent was valid is not affected even a dollar's worth by invalidation of that patent. Upon the last remand, the Commission was instructed by this court to consider the merits of DeLorme's petition to rescind or modify its $6.2 million penalty order pursuant to Commission Rule 210.76A1. Specifically, the Commission was asked to evaluate whether to rescind or modify the civil penalty in light of the final judgment of invalidity of the relevant claims of the 380 patent. In doing so, it was to reassess the e-promise factors, and this, we would note, was precisely the path the Commission had outlined to the court in the first appeal. Counsel, what's the standard that we review the decision not to rescind or reduce the penalty award for? Abuse of discretion, Your Honor. And so, do you believe that they abuse the discretion by erring as a matter of law or by issuing fact findings that are not supported by substantial evidence? Where precisely do you think their error lies? I would say issuing fact findings that are not supported by substantial evidence as well as exercising unreasonable judgment in weighing the relevant factors, Your Honor. Which are the fact findings that you think are not supported by substantial evidence? Specifically, Your Honor, the public interest, well, in terms of the e-promise factors themselves, I would say the public interest factor. The factor looking at DeLorme's benefit as a result of this conduct and DeLorme's good faith, Your Honor. Okay, well, which one would you like to start with? You want to tell me how it is that the ITC erred with regard to the good faith determination, why it isn't supported by substantial evidence? Certainly, Your Honor, and again, just looking at this as the e-promise factor analysis, we would also argue that the ITC should have considered its past precedent and rescinded the order altogether based on the body of precedent that found that an invalidity finding in other orders was a change condition for purposes of Rule 210.76. Were those other orders remedial or were they penalty? Those were remedial orders, Your Honor. However, the commission is the one that took the position that Rule 210.76, despite not mentioning remedial orders, penalty orders, does apply to remedial orders through the magnets case. So the body of precedent under the remedial orders would apply. There is no precedent that conflates the two, correct? I don't know about conflating the two, Your Honor. There is no precedent directly on point that applies Rule 10 to the rescission of a penalty order. It's simply the precedent that determines that an invalidity finding is a change condition for Rule 210.76 that should be applicable through the commission's finding that Rule 210.76 applies to penalty orders. But this point does make a difference in this case, doesn't it? I don't believe so, Your Honor, no. Well, you suggested that we should reverse because the commission's determination is inconsistent with its prior practice. But as I understand you to have just described the prior practice, the prior practice was not quite exactly the same. So it's more like you want us to extend the commission's prior practice to encapsulate this particular set of facts. But it's not as though, which agencies sometimes do, they issue one decision and then issue a directly contrary decision on identical facts. That can be arbitrary and capricious, but that's not what we have here. You want us to expand the scope of what they did, for example, in the magnets case to encapsulate this set of circumstances. Is that an accurate way to describe it? Well, I would agree that this is not an identical fact scenario to what the commission has done in the past. However, the commission's body of precedent has universally found that an invalidity finding is a change condition for purposes of Rule 210.76. And Rule 210.76 has been applied to penalty orders. But, well, only in the magnets case, right? Otherwise, it was always in remedial instances, which makes sense because you can't continue to have an order out there barring importations when the patent has been invalidated. You can't have future application. But this case isn't about future application. It's about past behavior. Correct, Your Honor. However, the purpose of a penalty order, as put by the commission, and I believe the congressional history as well, is to deter future violations. Similarly to a cease and desist or an exclusion order, which is designed to restrict future imports and sales. Well, but what the commission found in this particular case is that just days after your client drafted the consent order agreeing not to continue doing this, they then went ahead and blindly did it almost immediately thereafter without regard for the order that they had just drafted and had the commission enter into. So how is it that that isn't a basis upon which the commission's determination that your client did not act in good faith is supported by substantial evidence? Well, I would say that there are two elements of good faith. One, the commission did not look at the impact of the end. The goal of the remand was to consider the impact of the invalidity order on its prior findings. And one impact of the invalidity order is on Delorme's good faith belief that it was not invalidating. But see, this is what really bothers me. If Delorme, at the time it entered the consent judgment, had a good faith belief that the patent was invalid, then why did they draft a consent judgment that expressly precluded them from challenging validity of the patent? Well, Delorme, first of all, it was a requirement for a consent order that precluded them from... Do you not see the inconsistency? If you have a good faith belief something's invalid, it seems you wouldn't draft an order refusing to challenge the validity in that very proceeding. It seems to me that would not be in the public interest at all, right? A party who believes a patent is invalid but enters a consent judgment agreeing never to challenge its validity, that feels like something we ought not to really promote or want to see promoted. We want to have bad patents stricken. We don't want to have parties draft orders saying they'll agree not to challenge a patent if they supposedly already thought it was a bad patent. Well, Delorme had no intention to continue importing the accused devices that were the subject of the investigation. The theories in the enforcement proceeding were somewhat different. Delorme has been found to be in violation of those. That violation is obviously not on appeal here today. But the reason that Delorme entered into the consent order is that it had no interest and no belief that it was going to continue the conduct that was accused in the investigation. And that is why it entered the consent order. So the invalidation of a patent, I'm having a difficult time seeing how that relates to the civil penalty to conduct. Well, the purpose of the civil penalty is to determine the appropriate amount of penalty for the violation. Yes, okay, so you have a penalty for a violation. And that violation is conduct by your client, correct? Correct. Okay. So what does the invalidation of a patent have to do with the conduct of your client? Well, the conduct of our client was found to be infringement of the 380 patent. And the holding of this court's first appeal was that the consent order was a contract and that Delorme was in breach of that contract because the invalidity finding came after the enforcement hearing and the imposition of the penalty order. But certainly the fact that the patent was invalidated and Delorme's conduct was premised on patent infringement should affect the amount of penalty, the amount of penalty imposed for that conduct. So you're not challenging that a penalty should be imposed? You're only challenging the amount? Well, that is one of our arguments, Your Honor. We are also saying that the penalty should be rescinded based on the commission's body of precedent through a finding that an invalidity finding represents a changed condition, even after a finding of infringement, which as we've discussed does occur in the body of law relating to remedial orders. Do you know the expression raised by your own petard? I do, Your Honor. I think that's what we had in this case. I mean, you drafted the order, not you, but your client drafted the consent order, negotiated it, and then through the conduct of the client, the consent order was violated, breached. That has nothing to do with the invalidation of the patents. Well, I mean, I'm not here to re-argue the violation, Your Honor. That was settled in the first appeal. I would say that the content of the consent order was heavily based on what the requirements were in the stipulation drafted by the commission. I would simply say that what we're looking at here today is what is the appropriate penalty for a violation that fundamentally comes down to patent infringement. If there are no further questions, I think I'm approaching the end of my time, and I will... All right, Ms. Stegman, we'll save the rest of your time for rebuttal. Mr. Harrington. Good morning. May it please the Court. If I heard counsel for DeLorme correctly, DeLorme is not challenging the fact that it violated the consent order. It did so in bad faith. The commission has typically taken the position that bad faith violations of consent orders result in substantial penalties. And in this case, is it my understanding that the penalty that was struck is less than a third of what the statute would have actually allowed the ITC to penalize DeLorme? That is correct, Your Honor. And it is less than half the penalty that was half the daily rate of the penalty that was assessed in the Nine Star and in the San Juan cases. The statute actually lays out a potential penalty range, and this penalty range that the commission adopted in this case is less than a third of what the statute proposes could have been assessed for a similar violation, correct? That is correct. The maximum penalty is $100,000 per violation day, and this is, as you say, less than a third of that. Another question I have. This is not a case in which the commission has adopted a broad rule of law, for example, suggesting they will never consider rescinding penalties following an invalidation under circumstances like this, is it? Do you understand the commission to have concluded in this case broadly they will never be willing to reconsider penalties in such cases? That's correct, Your Honor. That's correct. They did adopt a broad rule of law? Excuse me. I think I answered the question just backwards. This case depends upon the terms of the consent order, the prior rulings of this court, and the arguments that DeLorme presented. We have no idea what might happen in the next case, which would involve invalidation of patent. If the terms were different, if somehow there was some argument or something that hadn't been present in this case, there could be a different result. Or perhaps the conduct didn't demonstrate bad faith quite as much, or perhaps the penalty was higher or lower. The EPROM factors are six different factors, and it seems to me you would make a case-by-case decision. Yes, Your Honor. For example, you just mentioned that what if this were not a bad faith violation? Well, then you could expect a much lower penalty. But that's not what happened in this case. This was a bad faith violation. The violation began to occur almost immediately after the consent order issue. It continued past the filing of the enforcement complaint, the institution as well. The importations involved components. DeLorme was certainly on notice that that was problematic because when they initially tried to get their consent order, they didn't have that in the order. It had to be put in the order, or the consent order would not have been issued. So there's a very substantial good faith violation here, 227 violation days. And with regard to public interest, it is in the public interest for consent orders to be enforced according to their terms. The Commission does have an interest in seeing that its consent orders are obeyed until they are no longer enforced. Well, the one thing that DeLorme argues that resonates with me a little bit, and I'd like to hear your response to it, is that if the public interest factor were the Commission's need to have its orders followed, that would double count Factor V and VI, because Factor V in the EEPROM factors is the authority of the Commission, and Factor VI is public interest. So if Factor VI is public interest, encapsulates the Commission's desire to have its orders followed, doesn't that just reduce Factor V and Factor VI into being duplicative? No, Your Honor, because it's in the public interest to have the terms of the consent order enforced. I mean, this is a settlement agreement. Settlement agreements are highly favored in the law. And this particular agreement specifies the possibility of an invalidity judgment, and it also specifies what happens if there is an invalidity judgment. And what happens is this order remains in force until the final adjudication of invalidity. They violated the order while it was still in force. They did it in bad faith, and a substantial penalty is justified. Does the invalidation, does it ever warrant a reduction of penalty? In this particular case, given the terms of the consent order and the arguments that were presented, and the bad faith of Delorme in violating the consent order, I think my answer would be no. But as I said to Chief Judge Moore, there could be other circumstances that were not taken into account. For example, if the consent order didn't indicate that an invalidation would have only a prospective rather than a retrospective effect. This particular order has certain specific language that was interpreted by this court in Delorme I. In the absence of such language, you could get a different result. That language was drafted by Delorme itself, but was it stock language? Is it language that's automatically required by the Commission in order to secure a consent judgment? That is not required language, Your Honor. There are consent orders and other orders that don't have that language. Was it a negotiated consent agreement? I believe, well, Delorme can speak to that better than I can, but typically the Commission itself doesn't negotiate. There's a Commission investigative attorney who may participate in the process, may not, but under the Commission's rules, a respondent can draft a consent order. There are certain requirements that have to be in there, but can draft a consent order and just present it to the Commission. Now, what will happen is that the complainant will have an opportunity to comment on whether that consent order should be issued or not, whether there's a problem with the terms, whether there's some other issue, and that, in fact, happened in this case, and it forced an amendment to the proposed consent order. The only other thing I would mention is, and I think the briefs take care of this, has to do with the magnets case and the remedial orders. I think that's, unless the Court has questions about that, I think that's taken care of in the briefs. Okay, thank you, Counsel. Thank you. Ms. Steighton has some rebuttal time. I'll be very brief, Your Honor. I would just note two points. One, the Commission's original order in setting the penalties with respect to the public interest factor specifically mentions the need to protect valid intellectual property rights as the public interest, and we do not think that that was meaningfully addressed in any way in terms of their reassessment of the e-promise factors. Aside from that, I would waive the rest of my time and we'll rest on the briefs. Okay, thank you, Counsel. We thank both Counsel. This case is taken under submission.